```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

ESTEBAN LUIS DIAZ PICHARDO,

                    Petitioner,         08 Civ. 8805
                                        06 Cr. 964
     -against-
                                           OPINION
UNITED STATES,

                    Respondent.

-----------------------------------X
```

A P P E A R A N C E S:

    Pro Se

    ESTEBAN LUIS DIAZ PICHARDO
    Reg. No. 22076-069
    M.V.C.C., Unit C-5
    555 I Cornell Drive
    Philipsburg, PA  16866


    Attorneys for Respondent

    MICHAEL J. GARCIA
    United States Attorney for the
      Southern District of New York
    U.S. Attorney's Office, SDNY
    One St. Andrew's Plaza
    New York, NY 10007
    By:  Loyann A. Egal, Esq.

[USDC SDNY DOCUMENT ELECTRONICALLY FILED  DOC #: _____  DATE FILED: 2/10/09]

**Sweet, D.J.,**

Petitioner Esteban Luis Diaz Pichardo ("Pichardo" or the "Petitioner") has moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons stated below, the motion is denied.

I.   **PRIOR PROCEEDINGS**

Pichardo was convicted, following a guilty plea, of illegally entering the United States following deportation subsequent to a conviction for an aggravated felony. Prior to the plea proceeding, the Government provided Pichardo with a Pimintel letter, setting forth the Government's view of the application of the United States Sentencing Guidelines (the "Guidelines") to Pichardo's case. The Pimintel letter concluded that the applicable offense level was 21 and that Pichardo was in Criminal History Category IV, yielding a Guidelines sentencing range of 57 to 71 months' imprisonment.

On February 20, 2007, this Court accepted Pichardo's guilty plea. The Probation Office prepared a Presentence Report ("PSR") in anticipation of sentencing, which, consistent with the Pimintel letter, determined that the appropriate Guidelines

1

range was 57 to 71 months' imprisonment.  The Probation Office recommended that Pichardo receive a sentence of 57 months' imprisonment.

By letter dated May 22, 2007, Pichardo, through counsel, requested a non-Guidelines sentence, arguing that a sentence of 24 months' imprisonment was appropriate in this case.  Pichardo argued that his offense was "a desperate response to a sudden and unusual confluence of multiple familial and economic pressures that are not likely to recur."  He also argued that the lesser sentence was appropriate because of "the reduced risk of recidivism that [Pichardo] presents.  Almost all of his family still resides in the Dominican Republic, a country in which he himself owns property."  The Government did not file a response to the Petitioner's sentencing request.

On May 31, 2007, the Court issued an Opinion sentencing Pichardo to 57 months' imprisonment, to be followed by a term of two years' supervised release, subject to modification at the sentencing hearing.  See United States v. Diaz-Pichardo, No. 06 Cr. 964-1 (RWS), 2007 WL 1599174 (S.D.N.Y. May 31, 2007).  The hearing took place on June 4, 2007, and Pichardo was sentenced in accordance with the May 31 Opinion.

On June 7, 2007, Pichardo appealed his sentence, arguing that it was substantively unreasonable because it was greater than necessary to achieve the purpose of 18 U.S.C. § 3553 and did not reflect the mitigating circumstances of his case. Pichardo also argued that the Guidelines sentencing range for illegal reentry offenses is excessive and that his sentence should be reduced based on the disparity resulting from this district's lack of a fast-track program. On August 6, 2008, the Court of Appeals rejected these arguments, and Pichardo's sentence was affirmed. See United State v. Pichardo, 288 F.App'x 734 (2d Cir. 2008).

On October 15, 2008, Pichardo filed the instant Petition, which was marked fully briefed on December 8, 2008.

## II. DISCUSSION

Pichardo argues that the sentence was excessive because (1) the Guidelines "double count" his prior convictions because they are used to compute both the applicable offense level and criminal history points; (2) Pichardo's status as a deportable alien is a mitigating factor that was not taken into consideration; (3) Pichardo has been rehabilitated during his post-conviction incarceration, which makes recidivism less

3

likely; (4) Pichardo's age makes recidivism less likely; and (5) changes to the Sentencing Guidelines subsequent to sentencing would reduce the applicable sentencing range. Pichardo's reply brief reiterates the fast-track disparity argument he made on appeal.

A prisoner in federal custody may challenge his sentence pursuant to section 2255 on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). However, in cases not involving a constitutional violation or lack of jurisdiction, relief is only available when the claimed error constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice' and presents 'exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent.'" Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor

4

jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal."). Pichardo does not assert any constitutional or jurisdictional arguments. Nor do any of his arguments rise to the level of "a fundamental defect which inherently results in a complete miscarriage of justice."

Pichardo's first, second and fourth arguments could have been raised on direct appeal. Pichardo has failed to show cause for his failure to raise those arguments, which must therefore be rejected. See Campino v. United States, 968 F.2d 187, 189-190 (2d Cir. 1992). Nor may Pichardo use a section 2255 petition to relitigate questions that were considered on direct appeal. See Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995). Thus his argument based on the fast-track disparity is unavailing.

The Court has no authority to modify Pichardo's sentence based on his assertions that he has been rehabilitated. See 18 U.S.C. § 3582(c) (directing that "[t]he court may not modify a term of imprisonment once it has been imposed" subject to certain exceptions). To the extent that Pichardo's motion seeks a reduced sentence due to subsequent amendment to the

5

Sentencing Guidelines, such relief is not available pursuant to section 2255. See United States v. Rios-Paz, 808 F. Supp. 206, 207 (E.D.N.Y. 1992). However, the Court may treat the instant motion as one under 18 U.S.C. 3582(c)(2), which authorizes the Court to modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pichardo argues that the definition of "related cases" used in U.S.S.G. 4A1.2(a) has been changed subsequent to his sentence and that as amended, the Sentencing Guidelines provide that multiple sentences can be considered related offenses and counted as one offense if they were consolidated for plea and sentencing. However, the rule that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)," U.S.S.G. § 4A1.2(a)(2), has not changed. Pichardo admits that the offenses counted toward his Criminal

6

History points were separated by intervening arrests. See Petition 12. As such, no modification of his sentence is warranted.

### III. CONCLUSION

For the above-stated reasons, the Petition is denied.

It is so ordered.

New York, NY
February 9, 2009

ROBERT W. SWEET
U.S.D.J.